IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICARDO NATIVIDAD,** : | |
| Petitioner : | |
| : | |
| v. : | No. 08-cv-449 |
| : | (CAPITAL CASE) |
| **JOHN E. WETZEL, et al.,** : | |
| Respondents : | |

## STIPULATION

Petitioner, Ricardo Natividad, through undersigned counsel, Capital Habeas Corpus Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania, and Respondents through their counsel, the Philadelphia County District Attorney's Office, hereby stipulate as follows:

### Purpose of Stipulation

The parties agree to the terms of this *Stipulation* because each believes the terms are in their respective interests. The purpose of this *Stipulation* is to effectuate the agreement between the parties to resolve these habeas proceedings. Pursuant to this agreement, Petitioner will be granted a conditional writ of habeas corpus as to his conviction of first-degree murder and all other related charges of which he was convicted. Upon the return of the case to state court, Petitioner will plead guilty to charges on both bills involved in this Petition.

On the first bill, involving the death of Robert Campbell, Natividad will plead guilty to third-degree murder for ten to twenty years of imprisonment; robbery for ten to twenty years of imprisonment; carrying a firearm on a public street for 2.5 to 5 years of imprisonment; and

1

possession of an instrument of crime for 2.5 to 5 years of imprisonment. These sentences will be served consecutively for an aggregate of twenty-five to fifty years.

On the second bill, involving the carjacking of Michael Havens, Natividad will plead to robbery for ten to twenty years of imprisonment; carjacking for ten to twenty years of imprisonment to run concurrently to the robbery sentence; criminal conspiracy for 5 to ten years of imprisonment to run consecutively; kidnapping for ten to twenty years to run consecutively; carrying a firearm on a public street for no further penalty; and a possession of an instrument of crime for no further penalty.  All sentences on this bill will run concurrently with the bill involving the death of Robert Campbell.  This results in two aggregate sentences of twenty-five to fifty years on each bill, running concurrently. It is the intent and understanding of the parties that Natividad shall receive credit for time served since his arrest on these offenses on March 17, 1997.

A proposed order granting the requested relief is attached hereto. Accordingly, the terms of this *Stipulation* should be considered in accordance with that purpose.

## Procedural History

Petitioner was convicted of first-degree murder, two counts of robbery, robbery of a motor vehicle, kidnapping, two counts of carrying a firearm on a public street, two counts of possession of an instrument of crime, and criminal conspiracy by a jury in the Court of Common Pleas of Philadelphia County, Pennsylvania, on November 10, 1997. Thereafter he was sentenced to death. The Pennsylvania Supreme Court affirmed his conviction and sentence. *Commonwealth v. Natividad*, 773 A.3d 167 (Pa. 2001). The United States Supreme Court denied his petition for writ of certiorari on May 28, 2002. *Natividad v. Pennsylvania*, 535 U.S. 1099 (2002).

Petitioner filed an initial Post-Conviction Relief Act ("PCRA") petition which was denied by the PCRA court on December 30, 2005. On December 27, 2007, the Pennsylvania Supreme Court affirmed the judgment of the PCRA court. *Commonwealth v. Natividad*, 938 A.2d 310 (Pa. 2007).

In 2008, Natividad filed a Petition for Writ of Habeas Corpus in this Court where habeas proceedings are currently pending. This Court granted Petitioner partial discovery, and allowed him to review the Commonwealth's files, leading Petitioner to file a Successor PCRA Petition, that he later supplemented. The Court of Common Pleas denied relief and, on January 23, 2019, the Pennsylvania Supreme Court affirmed. *See Commonwealth v. Natividad*, 200 A.3d 11, 18 (Pa. 2019). Returning to this Court, Petitioner moved to take this case out of civil suspense and filed a supplement to Claim V of the habeas petition on February 22, 2019 (ECF No. 101) and a Memorandum of Law in Support of Amended Petition for Writ of Habeas Corpus (ECF No. 108).

## Terms of Stipulation

The following constitute the terms of the *Stipulation*:

1. The Court shall conditionally grant the *Petition for a Writ of Habeas Corpus* as to the claim identified in the *Memorandum of Law in Support of Amended Petition for Writ of Habeas Corpus* as "Claim V," which alleges that Petitioner was denied a fair trial because the Commonwealth violated the Due Process Clause when it did not disclose exculpatory information material to Petitioner's ability to present a defense at trial.

2. The Court shall require the Commonwealth of Pennsylvania to retry or release Mr. Natividad within 180 days in the matters of *Commonwealth v. Natividad*, Nos. CP-0400131-1997, CP-51-CR-0703121-1997.[1]

3. Upon the issuance of the conditional writ, the parties shall present the Court of Common Pleas with an agreement that Petitioner shall plead guilty to third-degree murder, robbery, carrying a firearm on a public street, and possession of an instrument of crime in *Commonwealth v. Natividad*, No. CP-0400131-1997, and plead guilty to robbery, robbery of a motor vehicle, criminal conspiracy, kidnapping,

---

[1] The parties agree not to oppose an extension of the 180-day deadline upon a showing of good cause.

      carrying a firearm on a public street, and possession of an instrument of crime in *Commonwealth v. Natividad*, No. CP-51-CR-0703121-1997.

4. The Commonwealth will recommend and Petitioner will agree to a sentence of 10 to 20 years of imprisonment for the offense of third-degree murder; 10 to 20 years of imprisonment for the offense of robbery; 2.5 to 5 years of imprisonment for the offense of carrying a firearm on a public street; and 2.5 to 5 years of imprisonment for the offense of possession of an instrument of crime in *Commonwealth v. Natividad*, No. CP-0400131-1997. These sentences will be served consecutively for an aggregate of twenty-five to fifty years.

5. The Commonwealth will recommend and Petitioner will agree to a sentence of 10 to 20 years of imprisonment for the offense of robbery; 10 to 20 years of imprisonment for the offense of robbery of a motor vehicle to run concurrently with the robbery sentence; 5 to 10 years of imprisonment for the offense of criminal conspiracy to run consecutively; 10 to 20 years of imprisonment for the offense of kidnapping to run consecutively; no further penalty for the offense of carrying a firearm on a public street; and no further penalty for the offense of possession of an instrument of crime in *Commonwealth v. Natividad*, No. CP-51-CR-0703121-1997. These sentences will run concurrently to the sentences served in *Commonwealth v. Natividad*, No. CP-0400131-1997, resulting in two aggregate sentences of 25 to 50 years. It is the intent and understanding of the parties that Natividad shall receive credit for time served since his arrest on these offenses on March 17, 1997.

6. In consideration of Respondents' agreement not to further contest the Petition for Writ of Habeas Corpus, Petitioner agrees to waive any further challenges in any court (state or federal) to his convictions and/or sentences in *Commonwealth v. Natividad*, Nos. CP-0400131-1997, CP-51-CR-0703121-1997.

7. If for any reason the terms of this *Stipulation* are not met, either party may reactivate the instant action in this Court. In that event, the parties will each return to the status quo existing on the date that this *Stipulation* was accepted by the Court.

8. Once executed by the parties and signed by this Court, this document will constitute the agreement of the parties and the Order of the Court granting relief to Petitioner on the terms set forth above.

9. Upon completion of the state court proceedings, the parties shall report to the Court at which time these federal habeas proceedings will be closed.

10. The Commonwealth's agreement to the grant of conditional habeas relief in this case shall not be construed as a concession to relief in any other matter.

**So STIPULATED:**

/s/ Stuart Lev
STUART LEV
Federal Community Defender Office
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
The Curtis Center, Suite 545 W
Philadelphia, PA 19106

/s/ Patricia Cummings
PATRICIA CUMMINGS
Supervisor, Assistant District Attorney
Conviction Integrity Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
215-686-9948

Date: June 15, 2021